UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - X

MARIANA MERO, *individually and on
behalf of all others similarly situated*,

|  |  |
|---|---|
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| - against - |  |
| MANHATTAN HOTEL MANAGEMENT LLC, *and* NEW YORK HOTEL DEVELOPMENT GROUP LLC, *doing business as* "Comfort Inn," *and* ROMAN MAVASHEV. | **JURY TRIAL DEMANDED** |
| Defendants. |  |

- - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - X

Plaintiff, MARIANA MERO, by and through her attorneys, JTB LAW GROUP, LLC, as and for her Class and Collective Action Complaint against Defendants MANHATTAN HOTEL MANAGEMENT LLC, and NEW YORK HOTEL DEVELOPMENT GROUP LLC, doing business as "Comfort Inn," and ROMAN MAVASHEV, alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action to recover monetary and injunctive relief arising from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and The New York Minimum Wage Act, NY CLS Labor §§ 650, *et seq.* and New York's Wage Theft Prevention Act, NY CLS Labor §§ 191, *et seq.* (collectively "New York Labor Law" or "NYLL").

2.      Defendants employed Plaintiffs at their hotel "Comfort Inn," located at 154 Madison St., New York, NY 10002, which employs a staff of approximately twenty (20) hourly-paid employees at any one time including Front Desk Agents, House-keepers, and Bellmen.

3.     Defendants subjected Plaintiff and other hourly-paid employees to the following common unlawful policies:

    a.     Shorting hours from employees' paychecks, including in workweeks over forty (40) hours, in violation of 29 U.S.C. §§ 206, 207, NY CLS Labor § 652,  and 12 N.Y.C.R.R. § 146-1.4;

    b.     Requiring employees to work "training shifts" for which they received no compensation, in violation of NY CLS Labor § 652 and 12 N.Y.C.R.R. §§ 146-2.6 and § 146-2.11.

    c.     Failing to provide employees with written notice of their pay rates within ten (10) business days of the commencement of their employment, in violation of NY CLS Labor § 195(1)(a) and 12 N.Y.C.R.R. § 146-2.2;

    d.     Failing to provide employees with "spread of hours" compensation for workdays in excess of 10 hours, in violation of 12 N.Y.C.R.R.§ 146-1.6.

    e.     Failing to provide employees with "call-in pay" for days on which they reported for duty at Defendants' request but worked less than three (3) hours. 12 N.Y.C.R.R.§ 146-1.5.

    f.     Failing to provide employees with "Uniform Maintenance Pay" as required under 12 N.Y.C.R.R.§ 146-1.7.

    g.     Failing to reimburse employees for the cost of purchasing required uniforms, in violation of 12 N.Y.C.R.R.§ 146-1.8.

4.     Plaintiff asserts the foregoing FLSA claims not only individually, but also on behalf of a putative FLSA collective defined as:

> *Any individual who worked as a Front Desk Agent, House-keeper, or Bellmen at the Comfort Inn located at 154 Madison St., New*

*York, NY 10002 at any time within 3 years preceding the filing of this lawsuit and present.*

5.      Plaintiff asserts the foregoing NYLL claims not only individually, but on behalf a putative Fed. R. Civ. P. 23 class defined as:

*Any individual who worked as a Front Desk Agent, House-keeper, or Bellmen at the Comfort Inn located at 154 Madison St., New York, NY 10002 at any time within 6 years preceding the filing of this lawsuit and present.*

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* a federal statute.

7.      As to the claims under the NYLL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

9.      At all relevant times, Defendants have owned and/or operated "Comfort Inn," a beverage establishment located at 154 Madison St., New York, NY 10002.

10.     Defendant MANHATTAN HOTEL MANAGEMENT LLC is an active limited liability company registered in New York.

11.     MANHATTAN HOTEL MANAGEMENT LLC has a principal business address at 154 Madison St., New York, NY 10002.

12.     At all relevant times, MANHATTAN HOTEL MANAGEMENT LLC has been an employer engaged in interstate commerce as those terms are defined under the FLSA.

    a.  At all relevant times, MANHATTAN HOTEL MANAGEMENT LLC's gross annual revenue has exceeded $500,000.00.

    b.  At all relevant times, MANHATTAN HOTEL MANAGEMENT LLC has had employees who handle, sell, or work on goods or materials, such as food and beverage products, that have moved in or been produced for commerce.

13.    Defendant NEW YORK HOTEL DEVELOPMENT GROUP LLC is an inactive limited liability company registered in New York.

14.    Defendant NEW YORK HOTEL DEVELOPMENT GROUP LLC has a principal business address at 11 East Broadway, Suite 7A, New York, NY 10038.

15.    During Plaintiff's employment, NEW YORK HOTEL DEVELOPMENT GROUP LLC was an employer engaged in interstate commerce as those terms are defined under the FLSA.

    a.  During Plaintiff's employment, NEW YORK HOTEL DEVELOPMENT GROUP LLC's gross annual revenue exceeded $500,000.00.

    b.  During Plaintiff's employment, NEW YORK HOTEL DEVELOPMENT GROUP LLC had employees who handled, sold, or worked on goods or materials, such as food and beverage products, that moved in or were produced for commerce.

16.    Defendants MANHATTAN HOTEL MANAGEMENT LLC and NEW YORK HOTEL DEVELOPMENT GROUP LLC jointly employed Plaintiff with respect to her position as a Front Desk Agent at Comfort Inn.

    a.  In some weeks, Plaintiff's paystubs bore the name NEW YORK HOTEL DEVELOPMENT GROUP LLC;

    b.  In other weeks, Plaintiff's paystubs bore the name MANHATTAN HOTEL MANAGEMENT LLC

      c.   In all of these weeks, Plaintiff worked under the same supervisors and managers, had the same job duties, and was paid at the same rate.

17.    ROMAN MAVASHEV is an adult resident of New York.

18.    ROMAN MAVASHEV served as the General Manager of Comfort Inn during Plaintiff's employment.

19.    ROMAN MAVASHEV employed Plaintiff.

      a.   ROMAN MAVASHEV possessed and exercised authority to hire and fire hourly-paid employees including Plaintiff;

      b.   ROMAN MAVASHEV supervised the work of Plaintiff and other hourly-paid employees;

      c.   ROMAN MAVASHEV maintained employment records of Plaintiff and other hourly-paid employees, such as time sheets.

20.    At all relevant times herein, Plaintiff was and is currently a resident of New York City, State of New York.

## INDIVIDUAL ALLEGATIONS

### *Plaintiff's Employment*

21.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

22.    Plaintiff was employed by Defendants as a Front Desk Agent from approximately August 2014 through November 2014.

23.    When working as a Front Desk Agent, Plaintiffs' job duties included booking reservations and checking guests into Comfort Inn.

24.    Plaintiff's regular rate of pay was $16.00 per hour.

25.     Plaintiff worked approximately five to seven (5-7) shifts per week.

26.     Most of Plaintiff's shifts lasted from either 7:00 AM until approximately 4:00 PM, or from 3:00 PM – 12:00 AM.

27.     Plaintiff worked approximately fifty (50) hours per week.

28.     On many days, Plaintiff worked double shifts, resulting in more than ten (10) hours elapsing between her arrival to and departure from work.

<em>Violations of the FLSA and NYLL</em>

29.     In many weeks, Defendants shorted Plaintiff's compensation by approximately five to fifteen (15) hours.

30.     This included weeks in which Plaintiff worked over forty (40) hours.

31.     For example, in the week of October 20 – 26, 2014, Plaintiff worked approximately fifty (50) hours but had eleven (11) hours shorted from per paycheck, and was only paid for thirty-nine (39) hours.

32.     Defendants failed to provide Plaintiff, within ten business days after she was hired or at any subsequent time, with written notice containing:

      a.   her rate and basis of pay;

      b.   allowances claimed;

      c.   the regular pay day;

      d.   the name of the employer;

      e.   the "doing business as" names used by the employer;

      f.   the physical address of the employer's principal place of business; and

      g.   The employer' telephone number.

33.     Defendants never paid Plaintiff an additional hour's worth of pay at the basic minimum rate for days on which more than ten (10) hours elapsed between the beginning and end of her workday.

34.     On some days, Defendants required Plaintiff to report for work at Comfort Inn but then cancelled her shift and did not pay her for it.

35.     Defendants required Plaintiff to purchase uniforms for her employment, which cost her approximately $150.

36.     Defendants never reimbursed Plaintiff for the cost she incurred to purchase uniforms.

37.     Defendants required Plaintiff to clean and maintain her work uniform, but did not provide her with any additional compensation beyond her regular pay on account of her maintenance of her uniform.

38.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE AND CLASS ALLEGATIONS

### *Defendants' Hourly-paid Staff*

39.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

40.     At all relevant times, Defendants have maintained a workforce consisting of approximately twenty (20) hourly-paid employees: Front Desk Agents, House-keepers, and Bellmen.

41.     All of Defendants' hourly-paid employees performed similar, over-lapping duties.

42.     All of Defendants' hourly-paid employees worked a similar schedule dictated by the volume of business at Comfort Inn.

43.     Many hourly-paid employees worked over forty (40) hours per week.

44.     Many hourly-paid employees worked at least some days lasting over ten (10) hours.

### *Common Policies Warranting FLSA Collective Certification*

45.     Defendants have maintained a common policy of shorting hourly-paid employees' compensation by not paying them for all hours worked, including hours in excess of (40) each week.

46.     Defendants have maintained a common policy of requiring employees to "train" off the clock even when they are no longer training and in fact performing regular job duties.

47.     Plaintiff assets claims for the foregoing FLSA violations not only individually, but also on behalf of a putative FLSA collective defined as:

> *Any individual who worked as a Front Desk Agent, House-keeper, or Bellmen at the Comfort Inn located at 154 Madison St., New York, NY 10002 at any time within 3 years preceding the filing of this lawsuit and present.*

### *Common Policies Warranting NYLL Rule 23 Certification*

48.     Defendants have maintained a common policy of shorting hourly-paid employees' compensation by not paying them for all hours worked, including hours in excess of (40) each week.

49.     Defendants have maintained a common policy of requiring employees to "train" off the clock even when they are no longer training and in fact performing their regular job duties.

50.     Defendants failed to provide their hourly-paid employees, within ten business days after they were hired or at any subsequent time, with written notice containing:

      a.  rate and basis of pay;

      b.  allowances claimed;

      c.   the regular pay day;

      d.  the name of Defendant;

      e.  the "doing business as" names used by Defendant;

      f.   the physical address of the Defendants' principal place of business; and

      g.  Defendants' telephone number.

51.     Defendants failed to pay their hourly-paid employees any additional compensation for days worked in excess of ten (10) hours.

52.     Defendants required their hourly-paid employees to report for shift in which they were paid for less than three (3) hours.

53.     Defendants required their hourly-paid employees to purchase uniforms, but did not reimburse them for the costs they incurred purchasing uniforms.

54.     Defendants required their hourly-paid employees to wash and maintain their uniforms, but did not provide them with uniform maintenance pay.

55.     Plaintiff asserts the foregoing NYLL claims not only individually, but on behalf a putative Fed. R. Civ. P. 23 class defined as:

> *Any individual who worked as a Front Desk Agent, House-keeper, or Bellmen at the Comfort Inn located at 154 Madison St., New York, NY 10002 at any time within 6 years preceding the filing of this lawsuit and present.*

56.     This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

57.     The putative class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that over forty (40) class members have worked for Defendants during the applicable statutory period while being subjected to the violations of the NYLL referred to herein.

58.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, including:

    a.   Whether Defendants paid Plaintiff and other putative class members overtime compensation for all hours worked;

    b.   Whether Defendants paid and/or was required to pay Plaintiff and other putative class members spread-of-hours compensation;

    c.   Whether Defendants satisfied the notification requirements of the NYLL.

59.      This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members, Plaintiff was damaged by Defendants' common NYLL violations.

60.      Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

61.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a.  Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

    b.  Despite the size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    c.  No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

62.     Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

63.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents NYLL claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the class and providing any monetary relief to them can easily be effectuated from a review of Defendants' records.

**COUNT I: INDIVIDUAL FLSA VIOLATION**
*Failure to Pay Overtime Wages*

64.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

65.     Plaintiff worked over forty (40) hours in many weeks.

66.     Defendants failed to pay Plaintiff time and a half (1.5) of her regular rate of pay for all hours in a work week in excess of forty (40).

67.     Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

68.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

69.     As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT II: INDIVIDUAL NYLL VIOLATION
### *Failure to Pay Minimum Wages*

70.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

71.     Defendants required Plaintiff to work off the clock and failed to pay her for each hour she worked.

72.     A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

73.     Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

74.     As a result of the foregoing, Plaintiff was illegally deprived of minimum wages earned, in such amounts to be determined at trail, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

## COUNT III: INDIVIDUAL NYLL VIOLATION
### *Failure to Pay Overtime Wages*

75.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

76.     Plaintiff worked over forty (40) hours in many weeks.

77.     Defendants failed to pay Plaintiff time and a half (1.5) of her regular rate of pay for all hours in a work week in excess of forty (40).

78.     A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

79.     Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

80.     As a result of the foregoing, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trail, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

## COUNT IV: INDIVIDUAL NYLL VIOLATION
### *Failure to Provide Written Pay Notice*

81.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

82.     Defendants failed to provide Plaintiff with written notice of pay rates within ten (10) business days after she was hired or any time thereafter.

83.     A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

84.     Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

85.     As a result of the foregoing, Plaintiff is entitled to recovery of statutory penalties, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(1-b).

## COUNT V: INDIVIDUAL NYLL VIOLATION
### *Failure to Pay Spread-of-Hours Compensation*

86.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

87.     On many days, Defendants required Plaintiff to work over ten (10) hours.

88.     Defendants failed to pay Plaintiff an additional hour's worth of pay for days in which ten (10) or more hours elapsed between the beginning and end of her work day.

89.     A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

90.     Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

91.     As a result of the foregoing, Plaintiff was illegally deprived of spread-of-hours overtime compensation earned, in such amounts to be determined at trail, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

## COUNT VI: INDIVIDUAL NYLL VIOLATION
### *Failure to Provide Call-in Pay*

92.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

93.     On some days, Defendants required Plaintiff to report for work at Comfort Inn but then cancelled her shift and did not pay her for it.

94.     A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

95.     Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

96.     As a result of the foregoing, Plaintiff was illegally deprived of spread-of-hours overtime compensation earned, in such amounts to be determined at trail, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

## COUNT VII: INDIVIDUAL NYLL VIOLATION
### *Failure to Provide Uniform Maintenance Pay*

97.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

98.     Defendants required Plaintiff to clean and maintain her work uniform, but did not provide her with any additional compensation beyond her regular pay on account of her maintenance of her uniform.

99.     A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

100.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

101.    As a result of the foregoing, Plaintiff was illegally deprived of uniform maintenance compensation earned, in such amounts to be determined at trail, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

### COUNT VIII: INDIVIDUAL NYLL VIOLATION
*Failure to Reimburse Uniform Expenses*

102.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

103.    Defendants required Plaintiff to purchase uniforms for her employment, which cost her approximately $150.

104.    Defendants never reimbursed Plaintiff for the cost she incurred to purchase uniforms.

105.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

106.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

107.    As a result of the foregoing, Plaintiff was illegally deprived of reimbursement for uniform expenses, in such amounts to be determined at trail, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

### COUNT IX: COLLECTIVE FLSA VIOLATION
*Failure to Pay Minimum Wages*

108.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

109.    Defendants required employees in the putative FLSA collective to work off the clock, thereby reducing average compensation below the minimum wage in some workweeks.

110.    Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

111.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

112.    As a result of the foregoing, employees in the putative FLSA collective were illegally denied proper minimum wages earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT X: CLASS NYLL VIOLATION
### Failure to Pay Minimum Wages

113.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

114.    Defendants required Plaintiff and other employees in the putative NYLL class to work off the clock and failed to pay them for each hour worked.

115.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

116.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

117.    As a result of the foregoing, Plaintiff and other employees in the putative NYLL class were illegally denied proper minimum wages earned, in such amounts to be determined at trial,

and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

## COUNT XI: COLLECTIVE FLSA VIOLATION
### *Failure to Pay Overtime Wages*

118.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

119.    Defendants required Plaintiff and other employees in the putative FLSA collective to work over forty (40) hours in many weeks.

120.    Defendants failed to pay Plaintiff and other employees in the putative FLSA collective time and a half (1.5) of their regular rate of pay for all hours in a work week in excess of forty (40).

121.    Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

122.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

123.    As a result of the foregoing, Plaintiff and other employees in the putative FLSA collective were illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT XII: CLASS NYLL VIOLATION
### *Failure to Pay Overtime Wages*

124.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

125.    Defendants required Plaintiff and other employees in the putative NYLL class to work over forty (40) hours in many weeks.

126.    Defendants failed to pay Plaintiff and other employees in the putative NYLL class time and a half (1.5) of their regular rate of pay for all hours in a work week in excess of forty (40).

127.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

128.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

129.    As a result of the foregoing, Plaintiff and other employees in the putative NYLL class were illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

### COUNT XIII: CLASS NYLL VIOLATION
#### *Failure to Provide Written Pay Notice*

130.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

131.    Defendants failed to provide Plaintiff and other employees in the putative NYLL class with written notice of pay rates within ten (10) business days after they were hired or any time thereafter.

132.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

133.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

134.    As a result of the foregoing, Plaintiff and other employees in the putative NYLL class are entitled to recovery of statutory penalties, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(1-b).

135.    In addition to the foregoing monetary relief, Plaintiff seeks injunctive and declaratory relief requiring Defendants to provide all of their current and future employees with written pay notices as required under NY CLS Labor § 198(1)(a).

### COUNT XIV: CLASS NYLL VIOLATION
### *Failure to Pay Spread-of-Hours Compensation*

136.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

137.    Defendants required Plaintiff and other employees in the putative NYLL class to work over ten (10) hours on many days.

138.    Defendants failed to pay Plaintiff and other employees in the putative NYLL class an additional hour's worth of pay for days in which ten (10) or more hours elapsed between the beginning and end of their work day.

139.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

140.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

141.    As a result of the foregoing, Plaintiff and other employees in the putative NYLL class were illegally deprived of spread-of-hours overtime compensation earned, in such amounts to be determined at trail, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

### COUNT XV: CLASS NYLL VIOLATION

*Failure to Provide Call-in Pay*

142.   Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

143.   Defendants required their hourly-paid employees to report for shift in which they were paid for less than three (3) hours.

144.   A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

145.   Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

146.   As a result of the foregoing, Plaintiff and other employees in the putative NYLL class were illegally deprived of spread-of-hours overtime compensation earned, in such amounts to be determined at trail, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

## COUNT XVI: CLASS NYLL VIOLATION
*Failure to Provide Uniform Maintenance Pay*

147.   Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

148.   Defendants required their hourly-paid employees to wash and maintain their uniforms, but did not provide them with uniform maintenance pay.

149.   A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

150.   Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

151.    As a result of the foregoing, Plaintiff and other employees in the putative NYLL class were illegally deprived of uniform maintainence compensation earned, in such amounts to be determined at trail, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

### COUNT XVII: CLASS NYLL VIOLATION
*Failure to Reimburse Uniform Expenses*

152.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

153.    Defendants required their hourly-paid employees to purchase uniforms, but did not reimburse them for the costs they incurred purchasing uniforms.

154.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

155.    Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

156.    As a result of the foregoing, Plaintiff and other employees in the putative NYLL class were illegally deprived of reimbursement for uniform expenses, in such amounts to be determined at trail, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     An order directing Defendants, at their own expense, to preserve and produce all tangible and electronic documents bearing on the employment and compensation of Plaintiff and each member of the putative FLSA collective and Rule 23 class proposed herein.

(B)     An order directing Defendants to identify each member of the putative FLSA collective and Rule 23 class proposed herein.

(C)     An order authorizing Plaintiffs' counsel to notify members of the putative FLSA collective that they are authorized to join this matter by filing written consents pursuant to 29 U.S.C. § 216(b).

(D)     An order certifying this matter as a collective action pursuant to 29 U.S.C. § 216(b).

(E)     An order certifying this matter as a class action pursuant to Fed. R. Civ. P. 23 and directing appropriate notice to members of the putative Rule 23 class.

(F)     An order appointing Plaintiff Mariana Mero as a class representative pursuant to Fed. R. Civ. P. 23.

(G)     An order appointing the undersigned as class counsel pursuant to Fed. R. Civ. P. 23.

(H)     Judgment for damages for all unpaid compensation pursuant to 29 U.S.C. § 216(b).

(I)     Judgment for lost wages pursuant to 29 U.S.C. § 216(b).

(J)     Judgment for liquidated damages pursuant to the 29 U.S.C. § 216(b).

(K)     Judgment for damages for all unpaid minimum wage, overtime, spread-of-hours, and call-in compensation pursuant to NY CLS Labor § 198(3).

(L)     Judgment for statutory penalties pursuant to NY CLS Labor §§ 198 1-b and 1-d.

(M)     Judgment for liquidated damages pursuant to the NY CLS Labor § 198(3).

(N)     An incentive award for serving as a representative of other similarly situated employees.

(O)      An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action.

(P)      An injunction requiring Defendants to furnish all of their hourly-paid, non-exempt employees with written pay notices pursuant to NY CLS Labor § 198(1-b);

(Q)      Such other and further relief as to this Court may deem necessary, just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: December 14, 2015                    RESPECTFULLY SUBMITTED,

**JTB LAW GROUP, LLC**
Jason T Brown (*NY Bar ID# 4389854*)
Jtb@jtblawgroup.com
Nicholas Conlon (*NY Bar ID# 801616*)
Nicholasconlon@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
(877) 561-0000 (office)
(855) 582-5297 (fax)

*Attorneys for Plaintiff*


By:     /s *Nicholas Conlon*
         Nicholas Conlon