# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made by and between **Mariana Mero,** residing at **Orlando, Florida**, her heirs, executors, administrators and assigns ("Mero") on the one hand and Manhattan Hotel Management LLC and New York Hotel Development Group LLC (collectively, the "Corporations") on their own behalf and on behalf of all of their parents, subsidiaries, affiliates, successors, assigns, and related companies, and all of their respective owners, directors, officers, employees, including Roman Mavashev, their agents, vendors, contractors, representatives, and attorneys (collectively "Comfort Inn") on the other hand.

**WHEREAS**, Mero had been employed by the Corporations until on or about November 2014;

**WHEREAS**, Mero and Comfort Inn (collectively the "Parties") now desire to resolve all claims, disputes and causes of action which Mero had, have or may have against Comfort Inn;

**NOW THEREFORE**, in consideration of the mutual covenants and other good and valuable consideration contained herein, the Parties hereby agree as follows:

1. **Pending Legal Action:**   On or about December 14, 2015, Mero commenced a lawsuit against the Corporations and Roman Mavashev in the U.S. District Court for the Southern District of New York, Case No. 15-CV-09738 (KPF) (the "Lawsuit")**.**

    Plaintiff represents and warrants that, other than the Lawsuit, there are no other actions at law, equity, or admiralty, or any administrative, arbitral, or other proceedings filed or initiated by her or on her behalf against Comfort Inn.

    In consideration for the payment of the Settlement Amount to Plaintiff, as set forth in Paragraph 2 below, Plaintiff shall take all reasonable steps necessary to dismiss the Lawsuit without prejudice, including but not limited to executing the annexed Exhibit A and preparing and filing all necessary motions, letters, or petitions to the Court.

2. **Payment:**   In consideration for signing the Agreement and for Mero's agreement to be bound by the promises and covenants set forth herein, Comfort Inn agrees to pay Mero the total gross sum of **FOUR THOUSAND DOLLARS and ZERO CENTS ($4,000.00)** ("Settlement Sum") as full and complete settlement and final satisfaction of any wage and hour claims that Mero may have against Comfort Inn, as well as any claims for attorneys' fees and costs.  The Settlement Sum shall be paid within fourteen (14) days after Mero's execution of the agreement and its receipt by the attorney for the Corporations, along with a duly executed IRS Form W-9 from Mero's attorneys.  The Settlement Sum shall be distributed as follows:

    a. One check made payable to "Mariana Mero" in the gross amount Two Thousand Two Hundred Thirty-Six Dollars and Thirty Cents ($2,236.30); and

    b. One check made payable to "JTB Law Group LLC" in the amount of One Thousand Seven Hundred Sixty-Three Dollars and Seventy Cents ($1,763.70) for attorneys' fees.

    c.  Mero agrees she will be responsible for paying all taxes related to said Settlement Sum and interest penalties and/or fines, if any, in connection with such tax liability and Mero further agrees she will pay same and shall indemnify and hold Comfort Inn harmless from same.

**3.     Release.**  In consideration of the Settlement Sum, Mero promises and represents that she has not and shall not commence any other administrative or judicial lawsuit or proceeding against Comfort Inn and Mero hereby and unconditionally releases and forever discharges Comfort Inn from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims for unpaid wages, overtime, vacation or sick leave pay, tips, gratuities, service or related charges, and spread of hours pay, as well as any and all claims under the New York Labor Law, the New York Wage Theft Prevention Act, the New York State Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. § 137-1, *et seq.*, and the New York State Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1, *et seq.*, any other federal, state or local law, rule, regulation or ordinance, and any public policy, contract, tort, or common law including but not limited to any claims for wrongful discharge, breach of implied or express contract, harassment, intentional or negligent infliction of emotional distress, defamation, and any basis for recovering costs, fees or other expenses, including attorneys' fees, incurred in these matters.  Mero acknowledges that she was represented by counsel in connection with the negotiation of this Agreement, consulted with counsel regarding the terms of the release contained herein, and understands that she is voluntarily waiving her rights relating to the matters and statutes referenced above. Mero further agrees that this Settlement Agreement compensates her for all of her claims against Comfort Inn, whether known or unknown, through the date of the execution of this Agreement.

**4.     Non-Admission of Liability.**  The execution of this Agreement shall not be construed as an admission of any liability whatsoever by Comfort Inn, and, to this end, any liability is expressly denied.

**5.     Mutual Non-Disparagement.** Mero agrees not make any negative statement (oral, written or otherwise) about Comfort Inn, or otherwise disparage them, nor will she encourage others to do so.  In consideration thereof, Roman Mavashev agrees not make any negative statement (oral, written or otherwise) about Mero, or otherwise disparage her, nor will he encourage others to do so.

**6.     Severability and Enforcement.**  The provisions of this Agreement are severable.  If any of its terms are deemed unenforceable, the remaining provisions shall remain in effect, provided however, if any part of the release set forth in Paragraph 3 hereof is found to be unenforceable, or if Mero institutes any lawsuit or proceeding that is barred by the "Release" provided in Section 3, Mero shall be required to return to the Corporations the $4,000.00 payment made pursuant to Paragraph 2 thereof. If Mero returns funds pursuant to this section, the "Release" provided in Section 3 shall become null and void and the Parties shall return to their respective positions prior to executing the Agreement.

**7.     Entire Agreement.**  This Agreement represents the sole and entire agreement between the parties and supersedes all prior agreements, negotiations, and discussions between the parties and their respective counsel, whether oral or in writing, with respect to the subject matters covered by this Agreement.

**8.     Amendments.**  Any amendment to this Agreement must be in a writing that is signed by both parties.

**9.     Acknowledgements.**  Mero understands and expressly acknowledges that: (a) she is voluntarily executing this Agreement; (b) she has had the opportunity to consult with the attorney of her choice before executing this Agreement; (c) she has a full understanding of all of its terms; (d) she has now been paid properly and fully by Comfort Inn for all time worked while employed by Comfort Inn; and (e) she is not owed or otherwise entitled to any compensation and/or benefits from Comfort Inn that are not provided in this Agreement.

Date: _____          _____
                               MARIANA MERO


                               NEW YORK HOTEL DEVELOPMENT GROUP LLC


Date: _____     By: _____

                               MANHATTAN HOTEL MANAGEMENT LLC


Date: _____     By: _____



State of   NEW YORK          )
County of   _____  ) ss:

On the _____ day of August, in the year 2016 before me, the undersigned, personally appeared MARIANA MERO  personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in her/her/their capacity (ies), and that by her/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


                                         _____
                                                   Notary Public